The Cedar Lake Hotel Co. vs. The Cedar Creek Hydraulic Co.

The Cedar Lake Hotel Company, Respondent, vs. The Cedar Creek Hydraulic Company and others, Appellants.

*February 28 — March 17, 1891.*

*Corporate powers: Injunction: Laches: Limitations: Parties: Riparian owners.*

1. Power conferred upon a corporation by statute to raise an inland lake above low-water mark, and to draw water therefrom for hydraulic purposes, gives it no right to lower the original level of such lake by drawing out the water.

2. One who owns land on the shores of an inland lake, which is valuable for use as a pleasure resort on account of its proximity thereto, and the easy access to its waters for boating and fishing, can maintain an action to restrain other riparian owners from so drawing off the waters of the lake as to lower its level and leave a wide margin of bog covered with decaying vegetation along its shores, making it repulsive in appearance and unhealthy in effect, and thus injurious to the plaintiff's property.

3. Where a corporation owns the works by which such lowering of the waters is effected, and its president owns a majority of its stock, and has for years, by himself and his agent, managed the affairs of the company and controlled the level of the lake, raising and lowering its waters at his pleasure, such president and his agent may properly be joined as defendants in an action against the corporation to restrain it from lowering the level of such lake.

4. Where the plaintiff has been repeatedly and is being injured every time the waters are lowered, and the injury will continue unless restrained, the fact that the mischief commenced many years since will not render the bar of any statute of limitations applicable to such action.

5. Neither will the delay of the plaintiff to bring his action for many years after the injury commenced constitute such laches as to defeat the same, where such delay has not induced defendant to go to any additional expense in the premises.

6. In such an action it is not a misjoinder to demand damages for past injuries as well as an injunction to prevent the continuance of the acts causing them.

APPEAL from the Circuit Court for *Washington* County. The case fully appears from the opinion.

The Cedar Lake Hotel Co. vs. The Cedar Creek Hydraulic Co.

For the appellants there was a brief by *McElroy &* *Trottman* and *Glenway Maxon*, and oral argument by *Mr.* *Maxon*. They contended that, under the authority con-ferred by ch. 26, P. & L. Laws of 1867, as extended by ch. 147, Laws of 1875, the corporation defendant had the right to both raise and draw off the water of the lake for hydrau-lic purposes; and, if it had exceeded its powers, the rem-edy was by an information filed by the attorney general and not by private suit. The plaintiffs are estopped, by their acquiescence for eighteen years in the acts of defend-ants, from now complaining thereof. The corporation was not liable for the independent acts of its president and his agent. An injunction should not issue upon an allegation, on mere information and belief, that defendants threaten to commit other acts likely to increase the injury, without any statement of the source of the information or the grounds of that belief.

They also contended that, after so long an acquiescence by plaintiffs in the rights exercised by the defendants, it would be against good conscience to grant the relief asked. *Cobb v. Smith*, 16 Wis. 662; *Johnson v. Boorman*, 63 id. 268; *Crosby v. Smith*, 19 id. 449; *Sheldon v. Rockwell*, 9 id. 166. The plaintiffs have no title to the bed of the lake nor to waters therein. *Greene v. Nunnemacher*, 36 Wis. 50; *Died-* *rich v. N. W. U. R. Co.* 42 id. 248. There is no relation between the action to abate the corporate improvements, and that to recover damages against the other defendants.

*J. A. Mallory* and *S. S. Barney*, for the respondent, argued, among other things, that all parties interested in the general subject of the action, or who would be directly affected by the decree, were proper parties, and that per-sons authorizing the continuance of a nuisance were jointly liable with those who created it. *King v. Lawrence,* 14 Wis. 238; *Douglas Co. v. Walbridge*, 38 id. 179; *Cobb v.* *Smith*, 38 id. 21; *Blake v. Van Tilborg*, 21 id. 673; Story,

Eq. Pl. secs. 72, 76, n. 2; *Williams v. Bankhead,* 19 Wall. 571; sec. 2603, R. S.   The plaintiffs had riparian rights which were not dependent upon title to the submerged land.   Gould, Waters, secs. 83, 85, 186, and cases cited.   And the acts complained of constitute a public nuisance, which no length of time will legalize; and an individual specially injured thereby may sue those who created and those who continue it, jointly or severally.

ORTON, J.   This appeal is taken by the defendant the *Cedar Creek Hydraulic Company* from the order of the circuit court overruling its demurrer to the complaint.   The substantial facts stated in the complaint are as follows:

The *Cedar Lake Hotel Company* is a corporation of this state, and owns several acres of ground and a hotel, with all the necessary appliances and improvements as a pleasure resort for 200 guests, on the shores of Big Cedar Lake, in Washington county, and of great value and profitable.   Its value mainly consists in being situated on the shores of said lake, with access to the waters thereof for boating, fishing, and other recreations, which make it attractive to visitors and guests.   About eighteen years ago the defendant company organized under ch. 26, P. & L. Laws of 1867, amended by ch. 147, Laws of 1875, commenced its works at the outlet of said lake into Cedar creek, by deepening it and placing therein a gate by which the waters of said lake could be raised above its ordinary stage, and lowered below its lowest natural low-water mark.   The defendant *Andrew Bodendoerfer* owns the majority of the stock of said company, and about eight or ten years ago became its president at the last meeting of said company, and has managed its works and affairs mainly for his own benefit, and has continued to control the works at the outlet of said lake, and to adjust and control said gate at his pleasure; and the defendant *Christian Baer* has been his servant and employee in the

same. The defendants have frequently, down to nearly the present time, so managed said gate as to draw down the waters of said lake far below its lowest water-mark, so as to leave the shore line of said waters opposite and contiguous to said premises of the plaintiff company far out and away from its natural shore line, and to leave the wide margin thus exposed only bog, mud, and swamp, which are not only of repulsive and unpleasant appearance, but also unhealthful and injurious to the managers, servants, and guests of said hotel. The result has been that the plaintiff's said property has been greatly injured, and nearly destroyed in its use and value, and has frequently lost the entire advantage of being contiguous to said lake. The defendants threaten to dig ditches about said outlet, and deepen the outlet itself, so as to draw down the waters of said lake still lower, and they will do so unless restrained by injunction. The plaintiff has already suffered damages by their unlawful acts in the sum of $5,000, which is demanded, together with an injunction to restrain the lowering of said lake in this manner, and a mandatory injunction to fill up the outlet of said lake to its original level, and make it impossible to so draw down the waters of said lake. The lowering of said lake below low-water mark is the main cause of complaint; but it is complained also that the defendants have often, by shutting said gate, caused the waters to rise so far above low-water mark as also to injure the property of the plaintiff by flowing its grounds, without first having made provision for compensation, but no special relief is asked on account of the same. The demurrer is in behalf only of the company, with no appearance of the other two defendants.

1. The cause of demurrer of improper joinder of the defendants, by joining with the company the said *Bodendoerfer* and *Baer*, is not a matter of any interest to the company. It neither adds to nor detracts from the liabil-

ity of the company to join them personally in these unlawful acts of the company. It is for them to complain of improper joinder, and not the corporation. But it seems clear that these defendants have so managed the works for and on behalf of the company, and under its pretended powers and authority granted by said act of the legislature. The learned counsel of the appellant contends on this appeal that the acts complained of were warranted and justified by the charter of the company. One of the defendants was president of the company, and the other one his servant or employee. It would be useless to enjoin the company, and leave these defendants personally to continue the mischief. It is apparent that the defendant *Bodendoerfer* has mingled his own property and works with those of the company, so as to call them his own or those of the company, at his pleasure. The complaint would seem to be careful and considerate in these respects.

2. Another cause of demurrer is that the action is barred by the statute of limitations. The grievances have been continued nearly to the present time, and are still threatened. The plaintiff is damaged every time the lake is so lowered, and that has been occasional to within the last year. The mischief commenced many years ago, but it has continued, and will continue, without the remedy of injunction. The action is not liable to the bar of any statute.

3. It is contended that there has been so great delay in the equitable remedy that the plaintiff has lost his claim to any relief. It is not stated that the defendants have constructed valuable works and spent large sums of money under the encouragement and sanction of the delay, that ought to estop the plaintiff from now asking for an injunction and a mandatory injunction to destroy such works. The machinery by which all the mischief is done is very simple and inexpensive. The deepening of the channel of the outlet into Cedar creek, and placing said gate therein,

The Cedar Lake Hotel Co. vs. The Cedar Creek Hydraulic Co.

and the raising of such gate, are the works complained of, and the defendants threaten to dig the channel still deeper, and to draw down the lake still lower.   The works of the defendants are a continuing private nuisance to the plaintiff in their effect upon the waters of the lake opposite its hotel property.   The plaintiff has long suffered it, and it would seem to be right and in good conscience to now ask for its abatement.

4. It is idle and frivolous to contend that the plaintiff has no such right or interest in the shore of the lake opposite said hotel property as to justify the interposition of the court, or claim damages for so causing the lake to recede from its contiguity with it.

5. It is claimed that there is a misjoinder of the demand for judgment for past damages with the equitable relief. It is sufficient, in such a case, that the court has jurisdiction in equity to issue the injunction; for, having so obtained jurisdiction, a court of equity will retain it for all proper relief, whether at law or in equity.   *Stadler v. Grieben*, 61 Wis. 500; *Fraedrich v. Flieth*, 64 Wis. 184; *Brickner W. M. Co. v. Henry*, 73 Wis. 229; *Patten Paper Co. v. Kaukauna Water-Power Co.* 70 Wis. 659.   In *Brickner W. M. Co. v. Henry, supra*, it is held that a court of equity, having otherwise jurisdiction of the case, can award damages as well as a court of law.   These cases are sufficient authority for such a case as is made by the complaint.   It seems to be a very strong case for the interference of a court of equity.

6. It is contended that the charter gives the right to the defendants to do as they are charged with having done, even to the *lowering* of the lake.   The only object or power stated in the act is to *raise* the lake above the low-water mark as a reservoir to hold water for hydraulic purposes. No power whatever is given or implied to *lower* the lake below low-water mark.

The damages claimed may not be recoverable against all of the defendants, but the court can adjust that matter agreeably with the facts, and render judgment against the party liable therefor. The complaint is good for equitable relief, and that is sufficient under a general demurrer. The demurrer was properly overruled.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings.

