SPETH, Respondent, vs. CITY OF MADISON, Appellant.*

*March 13—April 12, 1946.*

* Motions for rehearing denied, without costs, on June 7, 1946.

*Harold E. Hanson,* city attorney, for the appellant.

*O. B. Porter* of Madison, for the respondent.

BARLOW, J.   Plaintiff in her complaint sets forth two causes of action against the city of Madison, one for punitive damages for removal and disturbance of bodies and desecration of tombs, and one for the unlawful sale and subsequent withholding of crypts in a mausoleum.   She alleges that she is a grand-niece and sole heir of one Charles German, deceased, and as such sole heir, and under the terms of his will, is the owner of crypts Nos. 158 and 162 in a mausoleum in Forest Hill cemetery in the city of Madison; that the mausoleum is privately owned but operated for the benefit of the public as a part of Forest Hill cemetery, and that defendant "makes, establishes and enforces all regulations and requirements for the orderly operation of said cemetery . . . including the said mausoleum" which was established and exists by permission of the defendant.   The wife of Charles German died in 1921 and her remains were placed in crypt No. 158 in said mausoleum.

Charles German died in 1929, and his remains were placed in crypt No. 162 of said mausoleum; that Mrs. German had a daughter by a previous marriage, who during the year 1936 made application to the defendant and state board of health for permission to remove the bodies of Mrs. German, her deceased mother, and Charles German, her deceased stepfather, from the vault and to bury them in a lot owned by her in the cemetery. Defendant is then charged with having wantonly, wilfully, and negligently issued the permits to remove the bodies, and on information and belief, without the knowledge or consent of the plaintiff, directed the superintendent of the cemetery to disinter the said bodies and remove them to the cemetery lot of Mrs. German's daughter, and there bury them, to the damage of plaintiff.

In the second cause of action plaintiff alleges that in addition to the allegations in the first cause of action, the city resold said crypts and paid over a portion of the proceeds to the daughter of Mrs. German and deprived plaintiff, and continues to deprive the plaintiff, of the use of said crypts, finally alleging that "any such removal of the said bodies, or resale, or attempt to sell, is entirely without warrant of law, and constitutes a ruthless, wanton, reckless and grossly negligent and careless disregard of plaintiff's rights amounting to fraud," for which damages are demanded.

Defendant demurred separately to each cause of action upon the same three separate grounds: (1) That it appears upon the face thereof that the same does not state facts sufficient to constitute a cause of action; (2) that there is a defect of parties plaintiff by reason of the omission of Lavisa M. Collins, daughter of the deceased wife of Charles German; (3) that the action was not commenced within the time limited by sec. 330.19, Stats., for the year 1943.

The first cause of action seeks punitive damages for alleged unlawful acts of the defendant committed during the year 1936, and the action was commenced October 31, 1944, or

eight years later.   To take the case out of the six-year statute of limitations, sec. 330.19, Stats., plaintiff alleges that no notice was given to her with respect to said disinterment and removal of the bodies, and that the first information she received that the bodies had been removed was when she visited the crypts in August, 1943.   Plaintiff then takes the position that this is an action for damages, grounded on fraud, and the cause of action did not accrue until discovery of the facts constituting fraud.   Sec. 330.19 (7).

If we can discover from the allegations of the complaint that plaintiff is entitled to some measure of judicial redress, whether legal or equitable, or whether in harmony with the prayer for relief or not, on general demurrer we must hold the complaint good by the express direction of sec. 263.07, Stats., and we are also so required by the rulings of this court.   *McIntyre v. Carroll* (1927), 193 Wis. 382, 214 N. W. 366, and cases there cited.

In alleging fraud "it is well settled that a mere general averment, without setting out the facts on which the charge is predicated, is insufficient, as it must be made to appear by the facts alleged, independent of mere conclusions, that, if the allegations are true, a fraud has been committed."   37 C. J. S., Fraud, p. 370, sec. 78.   But if the charge is sufficiently made by stating the facts from which fraud is necessarily implied, it is sufficient.   37 C. J. S., Fraud, p. 374, sec. 80.   Fraud must be the gravamen of the action, it must be the principal ground on which relief is asked if the statute of limitations is not to apply.   37 C. J., Limitation of Actions, p. 936, sec. 305.

Plaintiff here alleges that she is the owner of the crypts in question as the heir at law of the purchaser, sec. 157.10, Stats., the instrument of conveyance providing: "The grantor, for value received therefor, hereby sells, conveys and forever sets aside" the crypts in question.   After reciting that the crypts in question were in a mausoleum owned by a foreign corpora-

tion, located in a public cemetery which is operated by the city, and that the bodies of the deceased relatives of plaintiff were buried in said crypts, it is alleged that defendant (city of Madison) "in total disregard of plaintiff's rights, wantonly, wilfully, and with great negligence, issued the permits, and, on information and belief, and without the knowledge or consent .of this plaintiff, directed its superintendent at the said cemetery to disinter the said bodies" and remove them to another lot and there bury them. And at the end of the complaint it is stated that such conduct on the part of the city constitutes "a ruthless, wanton, reckless and grossly negligent and careless disregard of plaintiff's rights amounting to fraud." There is no allegation of fraudulent representations made by the defendant upon which the plaintiff relied, to her detriment, nor is there any allegation of fraudulent concealment on the part of the defendant which induced the plaintiff to act, to her injury. The mere use of the word "fraud" in a complaint without sufficiently setting forth the acts which constitute the fraudulent acts is not a sufficient allegation of fraud to sustain the complaint on demurrer.

It is argued that the defendant was acting in a fiduciary capacity and therefore the statute of limitations does not apply, but this cannot be sustained as the complaint alleges that the plaintiff is the owner of the crypts and is therefore entitled to possession of them. The mere allegation that the defendant is authorized to make rules and regulations for the operation of the cemetery is not a sufficient allegation of a fiduciary relationship, as the defendant had neither title nor the right to possession of the crypts.

If the acts of the defendant had been committed by a third party who had no interest in the cemetery, they would constitute nothing more than a trespass, for which the party would be liable for damages. If the defendant had entered the private premises of the plaintiff and removed or damaged buildings thereon, assuming that it had no right to do so, it would only

constitute a trespass, and this would be true even though it was wilful or wanton. The mere use of the word "fraud" with the statement of facts alleged in the complaint is not sufficient to change the action from one of trespass to fraud. The failure to discover a cause of action for trespass does not change the time of the beginning of the running of the statute of limitations, which is the time the trespass was committed. It is considered that the first cause of action sets forth nothing more than a claim for damages for injury to property and that it is barred by sec. 330.19 (5), Stats., which provides that an action to recover damages for injury to property, real or personal, must be begun within six years from the time of the injury.

By the second cause of action plaintiff claims damages because defendant resold the crypts and has ever since said time deprived, and is still depriving, plaintiff of the proper use of said crypts. The demurrer to this cause of action was filed for the same reasons as set forth in the demurrer to the first cause of action. Defendant city argues that, assuming the facts to be as alleged in the complaint, that defendant city executed a bill of sale of said crypts to a third party and was without legal authority to do so, such bill of sale would not even create a cloud on the title of the property in question, and the action should be begun against the person claiming title from the city. The complaint, however, goes on to allege that since attempting to convey title, the city has deprived the plaintiff, and still continues to deprive plaintiff, of the use of said crypts. A city can hold and operate a cemetery, sec. 62.22, Stats., and can provide for vaults and make and enforce regulations relative to mausoleums, sec. 157.12 (1), (2).

On demurrer it is conceded that the city is depriving this plaintiff of the use of the crypts, but it does not follow that it may not have a right to do so. If the plaintiff is violating any lawful rule or regulation of the city in its operation of the cemetery, the city could be acting within its lawful authority.

The complaint alleges that the city resold the crypts and executed instruments of title, receiving compensation for them, and that it is by virtue of this action on the part of the city that it has deprived, and continues to deprive, the plaintiff of the use of said crypts. If the city had title to them at the time of the sale, and under its regulations for the operation of the cemetery it has the right to deprive the plaintiff of the use of the crypts, this is a matter to be set up by answer as a defense. Under its administrative powers the city may have the right to deprive plaintiff of the use of these crypts, but if it exercises this right in an unlawful manner, and the city authorizes the act to be done and adopts the result, the city may be held liable. *Hollman v. Platteville* (1898), 101 Wis. 94, 76 N. W. 1119. The allegations of the complaint are sufficient to bring it within this rule.

It is argued that there is a defect of parties plaintiff by reason of the omission of Lavisa M. Collins, a daughter of the deceased wife of Charles German, because the city of Madison paid her the sum of $500 from the proceeds of the sale of said crypts. If the city of Madison desires to have her brought in as a party, the law provides a method whereby this can be done. The plaintiff is making no claim for damages against her.

It cannot be seriously argued that this cause of action is barred by the statute of limitations. The fact that defendant is alleged to have deprived plaintiff of the use of these crypts for a period of more than six years prior to the commencement of the action does not vest title to them in the defendant at the expiration of the six-year period. The crypts are alleged to still be in the mausoleum with title and right to the use of them in the plaintiff, and the defendant at all times to and including the present day, deprived her of her right to the use of them. There is no statute which bars an action for a continuing injury to property. *Cedar Lake Hotel Co. v. Cedar Creek Hydraulic Co.* (1891) 79 Wis. 297, 48 N. W. 371; *Ramsdale v. Foote* (1882), 55 Wis. 557, 13 N. W. 557. It is considered

that the court properly overruled the demurrer of the defendant to the second cause of action.

*By the Court.*—That part of the order overruling the demurrer to the first cause of action is reversed, and that part of the order overruling the demurrer to the second cause of action is affirmed.

RECTOR, J., took no part.