Ferris E. TRAYLOR and Merchants National Bank & Trust Company of Indianapolis, as trustee for the following, under the following agreements with Ferris E. Traylor: For Charles Vaughan Traylor u/a dated December 30, 1959, for Ferris James Traylor u/a dated December 30, 1959, for Marjorie Vaughan Traylor u/a dated December 30, 1959, for Mary Vaughan Traylor u/a with Ferris E. Traylor dated December 30, 1959, and for the children of Ferris E. Traylor u/a dated February 11, 1960, jointly and severally, as respectively, an individual and such trustee, and on behalf of themselves and, in addition, on behalf of themselves and of all holders on or about December 21, 1964, of shares of Common Stock of The Polaris Corporation similarly situated (except the defendants and any persons who aided and abetted any of the defendants in doing any of the wrongs complained of herein), Plaintiffs,

v.

The MARINE CORPORATION et al., Defendants.

No. 70-C-714.

United States District Court, E. D. Wisconsin.

May 21, 1971.

Porter, Purtell & Purtell by Wm. S. Porter, Milwaukee, Wis., for plaintiffs; Vaughan & Vaughan, Lafayette, Ind., of counsel.

Cannon, McLaughlin, Herbon & Staudenmaier by L. William Staudenmaier, Milwaukee, Wis., Lindquist & Vennum, Minneapolis, Minn., for Roger G. Minahan and A. Wm. Asmuth, Executors of the Estate of Malcolm Whyte, Richard K. Sell, F. S. Cornell, Fuqua Industries, Inc., William C. Coleman, Sr., Allen M. Slichter and Erwin A. Gaumnitz.

Gibbs, Roper & Fifield by Richard S. Gibbs, Milwaukee, Wis., for Marine Corp., Marine National Exchange Bank, 111 East Corp. and Eliot G. Fitch.

Raleigh Woolf, Milwaukee, Wis., for Marine National Exchange Bank and Marie B. Callos, Executors of the Estate of George Callos.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

In a carefully drawn complaint, the plaintiffs charge that through the fraudulent acts of certain designated defendants, the corporate assets of Polaris Corporation were sold under terms which were detrimental to the plaintiffs as minority stockholders. The defendants have filed a number of motions which this decision will consider; they include motions to dismiss, to strike the complaint, to quash process, and to require the plaintiffs to give security for expenses.

The complaint itself is a lengthy document of 33 pages and is divided into 6 separate counts in which restitution, accounting, and damages are demanded for the allegedly fraudulent dispositions which were effected by certain of the defendants.

 In several of their motions, the defendants treat the complaint as a stockholders' derivative action. For example, it is urged that the complaint must fail because under § 180.405 Wis. Stats. and under Rule 23.1, Federal Rules of Civil Procedure, the plaintiffs failed to take the necessary preliminary step of informing the corporation of its alleged error and affording it an opportunity to correct such defect. My reading of the complaint leads me to the conclusion that it may not be treated as a stockholders' derivative action. While accountings and restitution are sought in connection with the alleged improprieties, it is clearly not an application for a recovery by the corporation or all its stockholders; damages are sought only on behalf of the minority stockholders, i. e. the plaintiffs and others "similarly situated."

In paragraph numbered 5 on pages 2 and 3 of the complaint, the plaintiffs spell out their goal:

"(5) This is a civil action containing 4 counts for restitution and an accounting, and 4 counts for damages, brought by the plaintiffs in their re-

spective rights as an individual shareholder and a trustee-shareholder of Polaris, and in addition, on behalf of themselves and of all holders on or about December 21, 1964, of shares of Common Stock of Polaris similarly situated (except the defendants and any persons who aided and abetted any of the defendants in committing any of the wrongs complained of herein) * * * "

■ While the conduct described by the plaintiffs may have warranted a derivative action on behalf of the corporation, that does not foreclose these plaintiffs from suing in their own right. As the court said in Borak v. J. I. Case Company, 317 F.2d 838, 844 (7th Cir. 1963):

"* * * Those same facts may also state a primary cause of action by a stockholder for relief from injury to himself resulting from unlawful and fraudulent practice."

Thus, the plaintiffs could have said "You cheated the corporation"; however, they are also entitled to charge "You cheated us as minority stockholders." See Lebold v. Inland Steel, 125 F. 2d 369 (7th Cir. 1941).

It is urged that the *only* action which these plaintiffs might have brought is a stockholders' derivative suit. While it is clear that there are many cases which hold that the misappropriation of corporate property generates a claim in the corporation or, derivatively, in its shareholders, it is my conclusion that the claim advanced in the case at bar does not belong (exclusively, at least) to Polaris or to all its stockholders but may belong to the plaintiffs as individuals. The plaintiffs do not claim that the corporation or all the shareholders sustained injuries; instead, they aver that particular stockholders profited and other stockholders were wronged. This, in my opinion, is not the clay out of which only a derivative action can be molded, but rather, it is the stuff that may properly go into an individual law suit. Borak v. J. I. Case Company, supra.

Under this interpretation of the complaint, the defendants' motion to dismiss for the plaintiffs' failure to have complied with the strict rules relating to derivative actions may not be sustained. That construction also negates the contention that Mr. Traylor is disqualified as a plaintiff because he is not a stockholder of either Natco or Fuqua. It follows that § 180.405(4) Wis.Stats. is not operative to require the court's assessment of security for expenses.

I have considered the defendants' motion to dismiss on the grounds that the complaint fails to state a cause of action and conclude there is no merit to that argument. It is urged that the complaint fails adequately to particularize the claimed fraudulent conduct. The defendants urge that the claim of fraud "is premised on conclusions and innuendo and pleaded in sweeping generalities." It is my opinion that the complaint in this case meets the requirements of Rule 9(b), Federal Rules of Civil Procedure, and it is incorrect to assert that the averment is general or vague. The complaint delineates the claimed conspiracy and deceit with reasonable clarity and detail. I do not find applicable Duane v. Altenburg, 297 F.2d 515 (7th Cir. 1962), or Speth v. City of Madison, 248 Wis. 492, 22 N.W.2d 501 (1946).

The defendants also urge that the complaint should be dismissed because of an absence of subject matter jurisdiction. In this regard, it is contended that the required jurisdictional amount to support diversity of citizenship jurisdiction is not sufficiently alleged; it is also argued that Mr. Traylor has been "collusively joined" as a plaintiff to create diversity of citizenship in violation of 28 U.S.C. § 1359. It is my conclusion that there is no merit to the foregoing contentions; the grounds for jurisdiction set forth on pages 5 and 6 of the complaint are entirely sufficient to bring the matter within this court's ambit.

The defendants also urge that there is an absence of personal jurisdiction over Fuqua Industries because of an insuffi-

cient service of process. In their reply brief, the defendants who advanced this contention have acknowledged that "service on Fuqua was made after Defendants filed their original brief."

A motion has been made by the defendant F. S. Cornell for dismissal on the ground that the court lacks jurisdiction over his person because of the nature of the service upon him. Although a formal motion to this effect has been made, I find no reference to this contention in the brief which his counsel has filed.

According to the marshal's return of service, Mr. Cornell was personally served with the summons and complaint at Route 2, Box 448, Ballard Road, Charlottesville, Virginia 22901, at 1:00 P. M. on January 4, 1971. The grounds for Mr. Cornell's motion are not known to the court, and his motion must be denied.

■ The defendants further claim that this is not an appropriate class action under Rule 23, Federal Rules of Civil Procedure. The plaintiffs purport to represent all minority stockholders as a class. I am not persuaded that the plaintiffs are fairly representative of such class. They are entitled to bring the action in their own names for the wrongs allegedly caused, but it does not follow that they fairly represent all other minority stockholders. Mr. Traylor was a director of Polaris, and in that capacity his legal relationship to the corporation and to the transactions in question might well make his interest divergent and his rights different from other minority stockholders. While the plaintiffs' action may not be maintained as a class action, dismissal of the action on this ground would clearly be unwarranted.

Another basis for dismissal is the defendants' contention that Mr. Traylor is an indispensable party defendant under Rule 17, Federal Rules of Civil Procedure, because of his having been a Polaris director. Under my interpretation of the complaint, he is a proper party plaintiff and need not be included as a party defendant.

■ The executors of the will of George J. Callos, deceased, who were named as defendants, have moved for dismissal on the ground that the court lacks jurisdiction over them. This claim is based on the uncontroverted fact that the executors were discharged by an order of the state probate court as executors on June 10, 1968, long before the start of the instant action. The estate was never reopened, and the defendants did not act as executors after their formal discharge on June 10, 1968; no appeal was taken from the final judgment which discharged the executors.

The executors urge that when the plaintiffs brought them into this action approximately 18 months after they were discharged as executors, there was no legal right to designate them as parties defendant. This position is supported by analogy to an action which was started against certain trustees in bankruptcy after they were discharged as such. In Nielson v. Farley, 26 F. Supp. 948, 949 (S.D.N.Y.1939), the court said:

"On the undisputed facts there is no jurisdiction over the defendants as trustees of the Redbird Company, and there was none when the action was brought. The defendants in that capacity have no property with which to pay a judgment, they have fully accounted, and they have been discharged by the court that appointed them, all before this action was commenced * * * They have no longer any capacity to be sued."

Even though the plaintiffs are undoubtedly correct in their contention that the causes of action recited in their complaint survive Mr. Callos' death, it does not follow that they are entitled to sue his discharged executors. The former executors are no longer in possession of or in control of Mr. Callos' assets, and it would be improper to hold the executors personally liable in the absence of allegations that they prematurely

closed the estate or did so to avoid the consideration of this particular claim. I conclude that the motion of the executors for dismissal should be granted.

Now, therefore, it is ordered that all of the defendants' motions be and hereby are denied except that the motion of the executors of George J. Callos for dismissal of the action as to them be and hereby is granted.

It is further ordered that the plaintiffs be and hereby are barred from maintaining this as a class action.