COURT OF APPEALS
DECISION
DATED AND FILED

June 3, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2024AP702**

STATE OF WISCONSIN

Cir. Ct. No. 2022CV1440

IN COURT OF APPEALS
DISTRICT III

MICHAEL GOEBEN,

   PLAINTIFF-APPELLANT,

V.

VILLAGE OF BELLEVUE,

   DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Brown County: KENDALL M. KELLEY, Judge. *Affirmed*.

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Michael Goeben, pro se, appeals from a circuit court order granting the Village of Bellevue's motion for summary judgment.  On

appeal, Goeben argues, among other things, that the court erred by concluding that his claims in this case were claim precluded. For the reasons that follow, we affirm.

## BACKGROUND

¶2 In *Goeben v. Village of Bellevue*, No. 2024AP335, unpublished slip op., ¶¶3-11 (WI App June 3, 2025) (the small claims case), which we released on the same date as this decision, we outlined the underlying background facts of this dispute. We will not repeat those facts in detail. For the purpose of this decision, it is sufficient to understand that Goeben's property and home are subject to flooding. Goeben attributes the flooding to the Village's stormwater management system (the stormwater system), which services his home and neighborhood. Goeben brought his concerns about the flooding to the Village board, and the Village retained Cedar Corporation to analyze the stormwater system. Cedar subsequently determined that the system was not damaged, broken, or defective. Instead, it determined that the system was designed using previous rainfall figures, and the current rainfall was simply overwhelming the system. The Village board declined to take any action to update the stormwater system.

¶3 Goeben then filed the small claims case, alleging claims for "tort liability, negligence, intentional tort, 'known danger,' personal injury, … private nuisance," and a "taking." *Id.*, ¶¶12-14. On de novo review of a court commissioner's decision dismissing the small claims action, the circuit court granted the Village's summary judgment motion, concluding that the Village was entitled to immunity from Goeben's claims under WIS. STAT. § 893.80(4)

(2023-24),[1] and ***Milwaukee Metropolitan Sewerage District v. City of Milwaukee***, 2005 WI 8, 277 Wis. 2d 635, 691 N.W.2d 658. ***Goeben***, No. 2024AP335, ¶¶13-15. We subsequently affirmed the court's decision. ***Id.***, ¶2.

¶4 While the small claims action was pending, Goeben filed the instant case. Goeben initially styled his complaint as a petition for inverse condemnation. Ultimately, after several amendments, he also stated claims for nuisance; negligence (design and maintenance); a taking; misleading and false statements (misrepresentation); intentional tort; breach of contract; emotional stress/duress; a violation of the "Village Stormwater Management Plan" and the "Village Easement agreement"; a violation of the "Village Dumping Prohibited Policy"; interference with real property, pursuant to WIS. STAT. § 844.01; a violation of 42 U.S.C. § 1983; damages in accordance with WIS. STAT. §§ 32.10, 843.13, 843.14 and WIS. STAT. ch. 844; unreasonable, reckless, and ultrahazardous actions; and trespass. Importantly, Goeben, throughout his iterations, alleged the same general facts in that complaint as he did in the small claims action.

¶5 Initially, the Village filed a motion for summary judgment in which it sought dismissal of Goeben's claims for nuisance, negligence, and a taking based on governmental immunity and the fact that the "negligence/nuisance claims and his taking claim are mutually exclusive." (Formatting altered.) After the circuit court's judgment was entered in the small claims case, the Village filed another motion for summary judgment in this case, seeking to dismiss Goeben's claims for nuisance and negligence pursuant to the doctrine of claim preclusion.

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

¶6    The circuit court held a nonevidentiary hearing on March 5, 2024.[2] Thereafter, the court entered a written decision and order, granting the Village's motions and dismissing Goeben's claims with prejudice. The court concluded that "the doctrine of claim preclusion bars Goeben from reasserting in this case claims for nuisance, negligence, intentional tort, or any of the other claims he purports to raise." The court considered Goeben's inverse condemnation claim separately, determining "as a matter of law [that] Goeben cannot maintain an inverse condemnation claim." Goeben appeals.[3]

---

[2] It does not appear that the transcript of the March 5, 2024 hearing was included in the appellate record. The record contains only handwritten "Minutes" from that hearing, but those minutes merely reflect who spoke at the hearing and not what was said. It is the appellant's responsibility to ensure that the record on appeal is complete, and we presume that any missing material supports the circuit court's ruling. *Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26-27, 496 N.W.2d 226 (Ct. App. 1993).

[3] Although it is not important to our decision, we must state our concern with what appears to be a lack of candor exhibited by Goeben in his briefing. For example, he states in his statement of facts that "[t]he Village assured Goeben that all flooding issues would be resolved prior to issuing the certificate of occupancy, 'The Village of Bellevue will require that rear yard drainage will be such that no water will accumulate in the rear yard of the parcel.'" But the Village's letter to Goeben in the record actually states: "Prior to the issuance of a Certificate of Occupancy, The Village of Bellevue will require that rear yard drainage will be such that no water will accumulate in the rear yard of the parcel. *How this is to be done is best left to the mutual agreement of Mr. Goeben and Premier Development's representative*." (Emphasis added.) Thus, Goeben's quote and record citation do not support his statement that the Village assured him that all of the issues would be resolved; rather, Goeben was to resolve the drainage in the backyard.

Further, Goeben states that he "did not make a claim for nuisance in the [small claims case]" and that the Village "confirm[ed]" this fact when it stated in its second motion for summary judgment that "[Goeben] did not reference nuisance in his complaint before the small claims court." What the Village actually stated in its motion was the following: "Although [Goeben] did not reference nuisance in his complaint before the small claims court, it was a central argument in all of his briefs, and was considered by both [the court commissioner] and [the circuit court]." Additionally, within his response to the Village's motion for summary judgment in the small claims case, Goeben specifically stated that he was claiming "tort liability, negligence, intentional tort, 'known danger,' personal injury, and *private nuisance*." (Emphasis added.) Finally, as we explain below, *see infra* ¶19, Goeben cites abrogated case law and quotes relevant case law in a misleading manner.

(continued)

**DISCUSSION**

¶7    As noted above, the circuit court granted the Village's motion to dismiss Goeben's claims, except for the inverse condemnation claim, on the ground that they were barred by the doctrine of claim preclusion (previously referred to as res judicata). *See* ***Northern States Power Co. v. Bugher***, 189 Wis. 2d 541, 550, 525 N.W.2d 723 (1995) ("The term claim preclusion replaces res judicata."). "We review the grant of a motion to dismiss based upon claim preclusion in the same manner we review a grant of summary judgment." ***Wisconsin Pub. Serv. Corp. v. Arby Constr., Inc.***, 2012 WI 87, ¶28, 342 Wis. 2d 544, 818 N.W.2d 863. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). "Whether the circuit court properly granted summary judgment is a question of law that this court reviews de novo." ***Andruss v. Divine Savior Healthcare Inc.***, 2022 WI 27, ¶23, 401 Wis. 2d 368, 973 N.W.2d 435 (citation omitted).

¶8    On appeal, the Village argues that the court properly dismissed Goeben's claims on claim preclusion grounds because they have already been adjudicated:

> The Goeben flooding has been adjudicated to be attributable to the design of the Village stormwater

---

Although Goeben is a pro se litigant and is therefore afforded some leniency, he is "bound by the same rules that apply to attorneys." *See* ***Waushara County v. Graf***, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992). We admonish Goeben that good appellate argument requires complete candor.

> management system. Flooding occurs because the system does not have sufficient capacity—a design issue. The Village has governmental immunity. The Village has no legal obligation to increase the capacity as it had no legal obligation to construct a storm water management system in the first place.

Goeben, in turn, presents several arguments for our review, some of which repeat his assertions from the small claims case, which do not relate to the result reached by the circuit court in this case—i.e., they do not address the claim preclusion issue. Given our determination that the court properly granted summary judgment to the Village based on claim preclusion, we will only address Goeben's arguments related to that issue.

¶9 "The doctrine of claim preclusion provides that a final judgment on the merits in one action bars parties from relitigating any claim that arises out of the same relevant facts, transactions, or occurrences." *Kruckenberg v. Harvey*, 2005 WI 43, ¶19, 279 Wis. 2d 520, 694 N.W.2d 879. Importantly, "[w]hen the doctrine of claim preclusion is applied, a final judgment on the merits will ordinarily bar all matters 'which were litigated *or which might have been litigated* in the former proceedings.'" *Id.* (emphasis added; citation omitted).

¶10 Claim preclusion is "designed to draw a line between the meritorious claim on the one hand and the vexatious, repetitious and needless claim on the other hand." *Northern States Power Co.*, 189 Wis. 2d at 550 (citation omitted). As our supreme court has observed, the doctrine "provides an effective and useful means to establish and fix the rights of individuals, to relieve parties of the cost and vexation of multiple lawsuits, to conserve judicial resources, to prevent inconsistent decisions, and to encourage reliance on adjudication." *Kruckenberg*, 279 Wis. 2d 520, ¶20 (citations omitted). Claim preclusion "further recognizes that 'endless litigation leads to chaos; that certainty in legal relations must be

maintained; that after a party has had his day in court, justice, expediency, and the preservation of the public tranquility require[] that the matter be at an end.'" *Teske v. Wilson Mut. Ins. Co.*, 2019 WI 62, ¶24, 387 Wis. 2d 213, 928 N.W.2d 555 (citations omitted).

¶11  In Wisconsin, three elements establish the applicability of the doctrine of claim preclusion: "(1) an identity between the parties or their privies in the prior and present lawsuits; (2) an identity of the causes of action in the two lawsuits; and (3) a final judgment on the merits in a court of competent jurisdiction." *Id.*, ¶25.  "In effect, the doctrine of claim preclusion determines whether matters undecided in a prior lawsuit fall within the bounds of that prior judgment." *Kruckenberg*, 279 Wis. 2d 520, ¶22.  The party asserting claim preclusion bears the burden of proof on each of these elements. *Pasko v. City of Milwaukee*, 2002 WI 33, ¶16, 252 Wis. 2d 1, 643 N.W.2d 72.

¶12  Goeben does not dispute, and we agree, that the first element has been met: Goeben and the Village are the same parties in this case and the small claims case.  On the second element, however, Goeben challenges whether there is an identity of the causes of action because he disputes that the claims in the cases "arise[] out of the same relevant facts, transactions, or occurrences." *See Kruckenberg*, 279 Wis. 2d 520, ¶19.  According to Goeben, "[t]he material facts the [c]ourt relied on in [the small claims case] are very different from the material facts in this case" because the Village did "not provide expert affidavits" in this case and "[e]very new occurrence of flooding and nuisance is a new nuisance and is not subject to claim preclusion."  Essentially, he contends that the small claims case involved only the flooding that occurred on August 7, 2021, while this case involves every other flooding event after that; thus, he argues that the "[f]looding events that occurred after August 7, 2021, and months/years apart

cannot be said to have occurred in the same space and time" because "[n]o two storms and flood event[s] are identical. The specific events and facts associated with each one are different."

¶13 In support of his position that every new flooding event is a new nuisance claim, Goeben relies on *Speth v. Madison*, 248 Wis. 492, 499, 22 N.W.2d 501 (1946) ("There is no statute which bars an action for a continuing injury to property."), and *Ramsdale v. Foote*, 55 Wis. 557, 562, 13 N.W. 557 (1882) ("It is well settled that every continuance of a nuisance is, in law, a new nuisance."). Neither of these cases, however, discussed whether each instance of a continuing nuisance constitutes a new transaction *for purposes of claim preclusion*.

¶14 To determine whether an identity exists between the causes of action in two lawsuits, Wisconsin has adopted a transactional approach in which "all claims arising out of one transaction or factual situation are treated as being part of a single cause of action, and they are required to be litigated together." *Parks v. City of Madison*, 171 Wis. 2d 730, 735, 492 N.W.2d 365 (Ct. App. 1992). Thus, "if both suits arise from the same transaction, incident or factual situation, [claim preclusion] generally will bar the second suit." *Northern States Power Co.*, 189 Wis. 2d at 554 (alteration in original; citation omitted). In the context of claim preclusion, a "transaction" is determined by considering "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Kruckenberg*, 279 Wis. 2d 520, ¶25 (citation omitted). "Under the transactional analysis, 'it is irrelevant that the legal theories, remedies sought, and evidence used may be different between the first and second

actions.'" ***Menard, Inc. v. Liteway Lighting Prods.***, 2005 WI 98, ¶32, 282 Wis. 2d 582, 698 N.W.2d 738 (citation omitted).

¶15 All of Goeben's claims in the present lawsuit arose out of the same transaction as those in the small claims case. While Goeben is presenting different legal theories, the origin of the dispute is the same; the two actions "arise out of the same common set of material facts" because Goeben claims that the stormwater system is to blame for every flooding event in his yard and home. *See **id.***, ¶33. We agree with the circuit court's statement that

> [t]he invariable nexus between these two cases is that any conceivable nuisance, negligence, intentional tort, or other claim for damages that Goeben could assert in connection with weather-based water accumulation beyond the Village's ten-foot drainage easement on his property would be premised on alleged defects in the design of [the stormwater system] or, the Village's alleged failure to maintain or repair it.

As our supreme court has explained, "the number of substantive theories that may be available to [Goeben] is immaterial—if they all arise from the same factual underpinnings they must all be brought in the same action or be barred from future consideration." *See **Northern States Power Co.***, 189 Wis. 2d at 555. Here, the same stormwater system, the same alleged negligence, the same manner of water accumulation and flooding, and the same damages underlie both this case and the small claims case.

¶16 On the third element—a final judgment on the merits—Goeben argues that the judgment in the small claims case is not final because an appeal is pending in this court, "and a decision is not imminent." According to Goeben, even if we do reach a decision, a "court of appeals decision may be appealed, [the] case may be remanded back to the circuit court, and/or a resolution outside of the

court system may be reached. It may be years before there is a final judgment and it is possible there is never a final court judgment."

¶17 As an initial matter and as noted previously, we issued our decision affirming the circuit court in the small claims case on the same day this decision was released. *See supra* ¶2. Further, Goeben fails to cite any legal authority for the proposition that a judgment is not final for the purpose of claim preclusion if the case has been appealed. We need not consider arguments that are unsupported by references to legal authority. *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992). Regardless, there is no requirement that the appeals process be exhausted before a judgment becomes final and has preclusive effect. *See **Town of Fulton v. Pomeroy***, 111 Wis. 663, 669, 87 N.W. 831 (1901) ("Even an appeal does not deprive a judgment of its effect as a bar to another action. It may be pleaded and relied upon pending such appeal with the same effect as if no appeal had been taken."). Thus, a final judgment was entered by the circuit court against Goeben on the merits in the small claims action, and it has preclusive effect.

¶18 Finally, Goeben argues that "[t]he exceptions [to claim preclusion], including 'fairness,'" are applicable in this case. (Formatting altered.) Although Goeben makes this general assertion and cites ***Kruckenberg*** for its discussion of the "'special circumstances' exception," *see **Kruckenberg***, 279 Wis. 2d 520, ¶¶37-39, he fails to develop an argument explaining why the facts in this case amount to an "extraordinary reason," *see **Pettit***, 171 Wis. 2d at 646-47 (stating that we need not address undeveloped arguments).

¶19 Goeben further cites ***Kruckenberg*** for the following statement: "Several other published decisions of the court of appeals appear to

adopt fairness as the fourth element in the doctrine of claim preclusion, as do several unpublished decisions of the court of appeals." *See Kruckenberg*, 279 Wis. 2d 520, ¶60 (footnote omitted). Goeben either failed to continue reading the decision or is intentionally obfuscating the truth, however, as the *Kruckenberg* court unequivocally stated:

> [W]e depart from stare decisis and disavow any language in the decisions of the court of appeals to the extent that the language requires a court to conduct a "fundamental fairness" analysis in applying the doctrine of claim preclusion or allows litigation of an otherwise barred claim to continue simply because in that particular case, application of the doctrine of claim preclusion might appear unfair.

*Id.*, ¶¶52, 62. Thus, two other court of appeals cases that Goeben also cites in support of his position—*Steffen v. Luecht*, 2000 WI App 56, 233 Wis. 2d 475, 608 N.W.2d 713, and *Stuart v. Stuart*, 140 Wis. 2d 455, 410 N.W.2d 632 (Ct. App. 1987)—have both been abrogated by *Kruckenberg*. Regardless, Goeben also does not develop an argument explaining why the application of claim preclusion in this case is fundamentally unfair. *See Pettit*, 171 Wis. 2d at 646-47.

¶20 Accordingly, all of Goeben's claims presented in this case, whether previously raised or not and whether the Village moved for their dismissal or not, are barred by claim preclusion because they could have been, and were required to be, raised in one lawsuit.[4] *See DSG Evergreen Fam. Ltd. P'ship v. Town of Perry*, 2020 WI 23, ¶18, 390 Wis. 2d 533, 939 N.W.2d 564 ("The rule applies

---

[4] Although the circuit court considered Goeben's inverse condemnation claim separately from his other claims in this case, we conclude that the inverse condemnation claim is also barred by the doctrine of claim preclusion. *See Kruckenberg v. Harvey*, 2005 WI 43, ¶19, 279 Wis. 2d 520, 694 N.W.2d 879; *see also Vanstone v. Town of Delafield*, 191 Wis. 2d 586, 595, 530 N.W.2d 16 (Ct. App. 1995) ("[W]e may affirm on grounds different than those relied on by the [circuit] court.").

even if the claim was not actually litigated, so long as the party could have raised it."). Goeben had his day in court in the small claims case; therefore, "justice, expediency, and the preservation of the public tranquility require[] that the matter be at an end."[5] *See Teske*, 387 Wis. 2d 213, ¶24 (citation omitted).

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[5] To the extent that we have not addressed any other arguments raised on appeal, those arguments are deemed rejected. *See State v. Waste Mgmt. of Wis., Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) ("An appellate court is not a performing bear, required to dance to each and every tune played on an appeal.").