SUNNYSIDE FEED COMPANY, INC., Plaintiff-Respondent-Cross-Appellant,

v.

CITY OF PORTAGE and Employers Insurance of Wausau, a mutual company, Defendants-Appellants-Cross-Respondents.†

Court of Appeals

*No. 98–0709. Submitted on briefs August 4 , 1998.—Decided October 15, 1998.*

(Also reported in 588 N.W.2d 278.)

†Petition to review denied.

461

On behalf of the defendants-appellants-cross-respondents, the cause was submitted on the briefs of *Timothy J. Yanacheck* of *Law Offices of Stilp and Cotton* of Madison.

On behalf of the plaintiff-respondent-cross-appellant, the cause was submitted on the briefs of *Mark S.*

*Zimmer* of *Hill, Glowacki, Jaeger, Reiley & Zimmer* of Madison.

Before Dykman, P.J., Vergeront and Roggensack, JJ.

DYKMAN, P.J. The City of Portage (City) and its insurer, Employers Insurance of Wausau (Employers Insurance), appeal from an order denying their post-verdict motion to dismiss Sunnyside Feed Company's (Sunnyside) nuisance claim. The City and Employers Insurance contend that the trial court erred in concluding that the nuisance was continuing rather than permanent, and that Sunnyside's claim was time-barred under the six-year statute of limitations. We disagree and conclude that because the nuisance resulted in ongoing harm that could have been abated, it is a continuing nuisance. We therefore affirm that portion of the trial court's decision.

Sunnyside cross-appeals from an order denying its post-verdict motion for an injunction to abate the nuisance and denying its motion for a new trial on damages. We conclude that the trial court did not consider relevant factors when deciding whether to grant the injunction. We reverse and remand with instructions to issue an injunction ordering the nuisance abated. Because we conclude that an injunction should be issued, we need not consider whether the trial court erred by not instructing the jury that they could consider the historic value of the mill when deciding damages. Accordingly, we affirm in part and reverse in part.

## BACKGROUND

The Sunnyside Feed Mill is a historic building located along the Portage Canal. In 1986 and 1987, the City conducted a restoration project along the canal. Contractors hired by the City altered the configuration of the canal bank behind the Sunnyside Feed Mill by removing subsoil and large boulders between the feed mill and the water's edge. These boulders provided support for the back of the feed mill, and their removal allegedly caused a gradual collapse of that portion of the mill, as well as ongoing damage to the building's foundation. The City replaced the boulders with cribs filled with washed gravel. However, the cribs contained voids, permitting sand and soil to migrate from underneath the mill.

In 1989, Sunnyside notified the City of the possibility of a claim regarding the ongoing damage to the mill's structure and foundation. About March 1, 1995, Sunnyside filed a notice of claim with the City. On October 22, 1996, Sunnyside sued, claiming the City was negligent in the manner in which it conducted the restoration project, and that its actions or inactions constituted an ongoing nuisance.

The City and Employers Insurance filed a motion for summary judgment, asserting that both claims were time-barred by an applicable statute of limitations. The trial court granted the motion for summary judgment on the negligence claim but denied it as to the nuisance claim. At trial, the jury found the City created a nuisance and awarded Sunnyside $10,000 in damages. Both sides filed post-verdict motions.

The City and Employers Insurance moved for judgment notwithstanding the verdict, dismissing the action. Sunnyside filed a motion for judgment on the verdict and a motion for injunctive relief ordering the

City to abate the nuisance and repair the structural damage to the mill. It also filed a motion to set aside the verdict as to damages, grant a new trial on damages, and for additur pursuant to § 805.15(6), STATS., because its damages were substantially greater than the jury's $10,000 damage award. The trial court denied all post-verdict motions. The City and Employers Insurance appeal, and Sunnyside cross-appeals.

## STANDARD OF REVIEW

Both the appeal and the cross-appeal question whether the City's restoration project was a continuing or a permanent nuisance. The jury was asked only whether the City created a nuisance, and it answered "yes." Whether the nuisance was continuing or permanent first arose in the context of the City's motion for summary judgment. If a nuisance is continuing, the nuisance claim is not barred by a statute of limitations. In *Andersen v. Village of Little Chute*, 201 Wis. 2d 467, 487, 549 N.W.2d 737, 745 (Ct. App. 1996), we said, "[a]n action for a continuing injury may be maintained beyond the ordinary statute of limitations." In *Speth v. City of Madison*, 248 Wis. 492, 499, 22 N.W.2d 501, 504 (1946), the supreme court held that, "[t]here is no statute which bars an action for a continuing injury to property."

If a nuisance is permanent, a suit must be commenced within the applicable statute of limitations. *Bartleson v. United States*, 96 F.3d 1270, 1276–77 (9th Cir. 1996). A nuisance is generally considered to be continuing if it can be discontinued or abated, or if it is an ongoing or repeated disturbance, such as a disturbance caused by noise, vibration or foul odor. *See id.* at 1275. Unfortunately, nuisance is a slippery term,

466

which has been used with widely different and sometimes inconsistent meanings. *See Wisconsin Power & Light Co. v. Columbia County*, 3 Wis. 2d 1, 10, 87 N.W.2d 279, 283 (1958).

Whether the limitations period set forth in a statute requires dismissal of an action where the underlying facts are undisputed is a question of law that we review de novo. *See Linstrom v. Christianson*, 161 Wis. 2d 635, 638, 469 N.W.2d 189, 190 (Ct. App 1991). Courts often apply a de novo standard of review to determine whether a nuisance is continuing or permanent without stating the standard of review they are using. However, in *McAllister v. St. Louis, I.M. & S. Ry. Co.*, 154 S.W. 186, 187 (Ark. 1913), the court said: "The court was asked, and it was its duty, under the evidence, to find whether or not the nuisance was of a permanent character . . . ." We conclude that where, as here, the underlying facts surrounding the creation of the asserted nuisance are undisputed, and application of a statute of limitations is the issue, whether the nuisance is permanent or continuing becomes a question of law to be decided by the trial court and reviewed de novo by this court.[1]

The second time that the continuing or permanent nuisance issue arose was after the jury had found that the city had created a nuisance and awarded Sunnyside $10,000 in damages. In motions after verdict, Sunnyside asked the trial court for injunctive relief, *i.e.*, abatement of the nuisance. It would be unusual if

---

[1] Where damages are disputed, and the evidence is conflicting as to whether the nuisance is permanent or continuing, the question should be submitted to the jury. *See Cumberland Torpedo Co. v. Gaines*, 255 S.W. 1046, 1048 (Ky. Ct. App. 1923).

we applied a different standard of review to the trial court's post-trial determination as to the nature of the nuisance than we did to the court's pre-trial determination. Still, whether to grant injunctive relief is within the sound discretion of the trial court. *See State v. Seigel*, 163 Wis. 2d 871, 889, 472 N.W.2d 584, 591 (Ct. App. 1991). A discretionary determination will be sustained where it is demonstrably made and based upon the facts appearing in the record and in reliance on the appropriate and applicable law. *See id.* at 889, 472 N.W.2d at 592. We conclude that we will review the trial court's post-trial determination as to the nature of the nuisance *de novo,* as we would a pre-trial determination of the same issue. But, we will review the trial court's decision whether to enjoin the nuisance to determine if it was an erroneous exercise of discretion.

## DISCUSSION

### 1. *Appeal - Statute of Limitations*

The City and Employers Insurance contend that the trial court erred in concluding that the nuisance was continuing rather than permanent and, therefore, not time-barred under the applicable statute of limitations. Wisconsin courts have not meaningfully addressed the distinction between permanent and continuing nuisances; we therefore turn to other jurisdictions for guidance.[2] In California, courts focus primarily on the type of harm caused by the nuisance

---

[2] Sunnyside relies upon *Verbeck v. Minneapolis, St. P. & S.S.M. Ry Co.*, 159 Wis. 51, 149 N.W. 764 (1914), and the City and Employers Insurance rely upon *Wisconsin Power & Light Co. v. Columbia County,* 3 Wis. 2d 1, 87 N.W.2d 279 (1958), to support their respective positions. We conclude that neither case sufficiently addresses the issue of whether this nuisance is

468

when determining whether it is continuing or permanent. The decisions in *Baker v. Burbank-Glendale-Pasadena Airport Auth.*, 705 P.2d 866 (Cal. 1985), *cert denied*, 475 U.S. 1017 (1986) and *Arcade Water Dist. v. United States*, 940 F.2d 1265 (9th Cir. 1991) best address this issue.

In *Baker*, a group of homeowners living adjacent to an airport sued the airport authority for inverse condemnation and nuisance for the noise, smoke and vibrations caused by the flights over their homes. *See Baker*, 705 P.2d at 868. The California Supreme Court concluded that there were two distinct types of nuisances. The first type is a permanent nuisance in which one act causes a permanent injury. *See id.* at 870. To recover for a permanent nuisance, plaintiffs ordinarily are required to bring one action for all past, present and future damage within the statutory period. *See id.* The second type is a continuing nuisance in which there is an ongoing or repeated disturbance or harm. *See id.* If a nuisance is a disturbance or harm that may be discontinued at any time, it is considered continuing in character and persons harmed by it may bring successive actions for damages until the nuisance is abated. *See id.*

In *Arcade Water Dist. v. United States*, 940 F.2d 1265 (9th Cir. 1991), the court extended the reasoning in *Baker* when it concluded that an army laundry facility constituted a continuing nuisance even though it had been inoperable for a number of years. The laundry facility, which was in operation from 1941–1973, was located about 2,000 feet from a water well. *See id.* at 1266. Subsequent testing of the well indicated a gradual deterioration of the water's quality. *See id.* In 1984,

---

continuing or permanent. Therefore, we will not consider them in our analysis.

Arcade filed a notice of claim alleging that the laundry facility contaminated the well. *See id.* After its notice of claim was rejected as time-barred, Arcade filed suit.

The Ninth Circuit concluded that it was immaterial that the laundry facility was no longer operational. *See id.* at 1268. It concluded that because the harm was ongoing and capable of abatement, the contamination constituted a continuing nuisance. *See id.* As such, the court held that Arcade's nuisance claim was not time-barred.

Subsequent California cases confirm that the appropriate factors to consider in deciding whether a nuisance is continuing are: (1) whether it constitutes an ongoing or repeated disturbance or harm, and (2) whether it can be discontinued or abated. *See Bartleson*, 96 F.3d at 1274–75; *Mangini v. Aerojet-General Corp.*, 912 P.2d 1220 (Cal. 1996). We consider these standards relevant, and apply them to the facts of this case to determine if the trial court erred in concluding that harm caused by the City's restoration project was continuing.

■

William Sturtevant testified at length as to his opinion concerning the damage done to the mill by the City's canal restoration project.[3] He opined that the City erred in removing the boulders that supported the

---

[3] The City offered the testimony of Glenn Koepp to refute Sturtevant's testimony. Koepp testified that the settlement was "due entirely as a result of placing the footing on unstable organic clay type soils which are inadequate to support the loads that were imposed on them." He further testified that in his opinion, the canal restoration project had no effect on the settlement on the north side of the building. He stated that the rock filled cribs helped stabilize the soil and prevent future settlement. The jury obviously believed Sturtevant.

foundation, and by using washed stone in the construction of the cribs between the mill and the canal. Sturtevant said that washed stone has voids, and the suction from these voids pulls fine particles of subsoil out from under the foundation wall, causing the foundation to settle. He testified that the fine soils underneath the mill continue to move, and the foundation wall continues to settle. Sturtevant also testified that there were a number of suitable engineering solutions to the foundation problem. His testimony as to the physical facts underlying his opinion as to causation is undisputed. We conclude based on this testimony that the harm caused by the City is ongoing and could be abated. We therefore affirm the trial court's decision that the nuisance found by the jury was a continuing nuisance.

## 2. *Cross-Appeal - Injunction*

Sunnyside argues that the trial court erroneously exercised its discretion by not granting an injunction ordering the City to abate the nuisance. A decision to grant or deny an injunction is within the trial court's discretion and should only be reversed upon an erroneous exercise of discretion. *See School Dist. of Slinger v. Wisconsin Interscholastic Athletic Ass'n*, 210 Wis. 2d 365, 370, 563 N.W.2d 585, 587 (Ct. App. 1997). The test is not whether we would grant the injunction, but whether there was an erroneous exercise of discretion by the trial court. *See id.* An erroneous exercise of discretion in the context of an injunction occurs when the trial court: (1) fails to consider and make a record of the factors relevant to its determination; (2) considers clearly irrelevant or improper factors; and (3) clearly gives too much weight to one factor. *See id.* An

erroneous exercise of discretion may also be found where the trial court made an error of law. *See id.*

There are two considerations when deciding whether to grant an injunction: (1) the movant has no adequate remedy at law; and (2) the movant will suffer irreparable harm if the injunction is not granted. *See Werner v. A.L. Grootemaat & Sons, Inc.,* 80 Wis. 2d 513, 520, 259 N.W.2d 310, 313–14 (1977).

The trial court was satisfied that there was an adequate remedy at law and denied Sunnyside's motion for injunctive relief. It held that Sunnyside's remedy was limited by the jury's verdict of $10,000, regardless of whether the amount was sufficient to correct the problem. The trial court stated that just because Sunnyside failed to persuade the jury that more damages were appropriate, it did not mean that the availability of money damages was an inadequate remedy.

Sunnyside contends that the trial court erroneously exercised its discretion by failing to consider the historic value of the mill when deciding whether to issue an injunction. Sunnyside points to federal, state and municipal laws that promote the preservation and protection of historic structures and sites. *See* 16 U.S.C. §§ 470 and 471; § 44.30, STATS.; Portage Ordinance § 13–6–5(b)(1). It argues that because the mill has been recognized as a historic structure, the trial court should ensure its protection. Sunnyside further contends that $10,000 in damages is insufficient to repair and preserve the existing structure from future settling.[4] We agree that the historic value of the mill is a proper consideration.

---

[4] Sunnyside asserts, based on the undisputed testimony of experts, that the cost of repairing the damage caused by the

Furthermore, because this case involves a continuing nuisance, Sunnyside can repetitively sue the City and Employers Insurance to recover its ongoing damages. An injunction will prevent the risk of repetitive and costly litigation by abating the nuisance. In the interest of judicial efficiency, courts should take reasonable steps to limit litigation. *See Barland v. Eau Claire County*, 216 Wis. 2d 559, 581, 575 N.W.2d 691, 700 (1998). Judicial efficiency would be served by granting an injunction. Because the trial court did not adequately consider relevant factors, such as the public policy favoring the preservation and protection of historic sites, the financial adequacy of a legal remedy and the legal system's need to be judicially efficient, it erroneously exercised its discretion by denying Sunnyside's motion for an injunction.

The jury accepted the testimony of William Sturtevant because it found that the City created a nuisance. Sturtevant testified that the mill will continue to move until it falls into the canal. While we would ordinarily remand for the trial court's further consideration, we

---

City is around $300,000. Michael Solterman, a roofing contractor, testified at trial that it would cost $35,000 to repair the roof. David Allen Jakel, a salesman, testified as to the cost of repairing or replacing the spouts and leaking grain bins. He stated that the cost for labor and supplies was as follows: $2,470 for moving the spouts on the leg, $64,750 for liming the bins, and $1,500 for adjusting the distributor in the cupola. Richard Lynn, a commercial builder, testified that the cost of repairing certain structural problems with the mill, including the construction of a new foundation for the north side of the mill, would be between $125,000 and $175,000. The exhibits also included an estimate for $34,000 from Grout-Tech, Inc., to pressure grout the back wall of the structure.

conclude that, on the evidence presented, the only reasonable conclusion would be to issue an injunction. We therefore remand, with instructions to do so. We leave to the trial court's discretion questions as to the method and timing of the work necessary to abate the nuisance.

Sunnyside also contends that the trial court erroneously exercised its discretion when it failed to instruct the jury that because of the historic value or the historic character of the mill, the market value of the mill need not be a limit upon the amount of damages assessed. But because we have concluded that an injunction should be issued ordering the City to abate the nuisance, we do not consider the issue of monetary damages.

### CONCLUSION

The nuisance found by the jury was determined by the trial court to be a continuing nuisance. Sunnyside's claim was therefore not time-barred by the six-year statute of limitations. As a result, we affirm the appeal. We conclude, however, that the trial court erroneously exercised its discretion by denying Sunnyside's motion for an injunction. As a result, we reverse and remand with instructions to issue an injunction requiring the City to abate the nuisance. We leave the methods and timing of the abatement to the trial court.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions.