PER CURIAM.
¶1 Arthur Woller appeals an order granting a domestic abuse injunction prohibiting him from, among other things, contacting his wife, Deanna,[1] and from possessing a firearm until the injunction's expiration on September 6, 2021. We conclude the circuit court's comments at the decision hearing were sufficient to demonstrate its factual findings and the reasons for its decision to issue the injunction. We also conclude the order was supported by adequate facts of record, given that the court found Deanna's testimony credible. Consequently, we affirm.
BACKGROUND
¶2 Deanna filed a petition for a domestic abuse injunction against Woller on August 10, 2017.[2] The petition contained a narrative statement in which Deanna described the verbal and physical abuse Woller allegedly inflicted on her.[3] Deanna represented that Woller had access to a .30-06 Remington rifle that he had previously used in an incident involving her, and that she was in imminent danger of physical harm.[4] The circuit court entered a temporary restraining order until it could hold a hearing on the injunction request.
¶3 The parties appeared for a contested injunction hearing on August 23, 2017. Deanna testified she had endured a "very rough" three-and-one-half-year marriage to Woller. Deanna stated that, on one occasion, an intoxicated Woller had held a butcher knife to her throat and threatened to kill her, then smashed an injured finger of hers with the butt end of the knife. Deanna also recounted other times in which Woller had threatened her life, and she stated that Woller would regularly beat the family cat. Deanna was asked whether any incidents had occurred since the petition's filing. She testified Woller had circled her house in his truck, which she identified by the distinctive sound its muffler made when the engine was revved.
¶4 The parties stipulated to continue the hearing at a later date, and the hearing resumed on September 5, 2017. Deanna continued her testimony and stated Woller had attempted to strangle her approximately four times during the marriage, and he had also grabbed her and forcibly threw her to the kitchen floor. Members of Woller's family and a friend of the former couple testified for the defense and stated they did not see any evidence of abuse during the marriage, although some of the witnesses acknowledged that Deanna had made contemporaneous claims of abuse. Woller testified on his own behalf and denied abusing the household pets or ever threatening or abusing Deanna.
¶5 Following the testimony, the circuit court heard arguments from the parties. Woller's position was that Deanna was lying about the abuse and other matters because she was upset that Woller was seeking a divorce and she was attempting to gain a more advantageous position in those proceedings. Deanna's attorney countered that Deanna was afraid of Woller given the past instances of abuse to which she had testified.
¶6 The circuit court held a decision hearing the following day. After reciting the standards governing the issuance of a domestic abuse injunction, the court stated that "this is somewhat of a he said/she said type case." The court consulted WIS JI-CIVIL 215 regarding how to assess witness credibility. It observed that Woller had eight prior criminal convictions, and he also had pending criminal charges regarding one of the incidents to which Deanna had testified.[5] The court stated it took Woller's criminal history, as well as Deanna's lack of a criminal history, into account when assessing the witnesses' credibility. The court then stated it found "reasonable grounds to believe that [Woller] engaged in, or based upon prior conduct ... may engage in domestic abuse of [Deanna]." It issued the requested injunction with numerous conditions. Woller now appeals.[6]
DISCUSSION
¶7 Whether to grant a domestic abuse injunction presents a mixed question of fact and law. Cf. Welytok v. Ziolkowski , 2008 WI App 67, ¶23, 312 Wis. 2d 435, 752 N.W.2d 359 (articulating standard for reviewing the issuance of a harassment injunction). "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." WIS. STAT. § 805.17(2). In appeals concerning the sufficiency of the evidence to support the issuance of an injunction, we will not reverse the circuit court unless the evidence, viewed most favorably to the petitioner, is so lacking in probative value that no fact finder, acting reasonably, could have found that the petitioner satisfied his or her burden of proof. See Wittig v. Hoffart , 2005 WI App 198, ¶19, 287 Wis. 2d 353, 704 N.W.2d 415. In this regard, whether the facts as found by the circuit court are sufficient to satisfy the statutory standards governing the issuance of a domestic abuse injunction is a question of law that we review de novo. Welytok , 312 Wis. 2d 435, ¶23.
¶8 The ultimate decision whether to grant such an injunction is a matter within the circuit court's discretion, and our review "ultimately is limited to whether that discretion was properly exercised." Id. ; see also Forest Cty. v. Goode , 215 Wis. 2d 218, 225, 572 N.W.2d 131 (Ct. App. 1997), aff'd , 219 Wis. 2d 654, 579 N.W.2d 715 (1998) ("Normally, injunctive relief is ordered in the discretion of the trial court, and this court will not change the trial court's decision unless it is an erroneous exercise of discretion."). A circuit court's discretionary determination will be affirmed where it is "demonstrably made and [is] based upon the facts appearing in the record and in reliance on the appropriate and applicable law." Sunnyside Feed Co. v. City of Portage , 222 Wis. 2d 461, 468, 588 N.W.2d 278 (Ct. App. 1998). "Also, because the exercise of discretion is so essential to the trial court's functioning, we generally look for reasons to sustain discretionary rulings." Welytok , 312 Wis. 2d 435, ¶24.
¶9 Here, Woller faults the circuit court for "never stat[ing]" why it disbelieved the testimony of his witnesses or why it accepted Deanna's testimony. Woller also contends the court "never addresse[d] the credibility of the witnesses," suggesting the court made no credibility determination whatsoever. He asserts reversal is necessary because the court failed to adequately identify its findings of fact or explain on the record why it granted the injunction petition.
¶10 We disagree with Woller's assertion that the appellate record is insufficient to identify the facts and bases upon which the circuit court exercised its discretion in granting injunctive relief. The court was presented with conflicting testimony. It plainly identified the matter as a "he said/she said" case in which the parties' respective credibility would be the deciding factor, and it consulted WIS JI-CIVIL 215 regarding how to assess witness credibility. Although the court did not make an explicit credibility finding, it plainly regarded Woller as less credible than Deanna based on his substantial criminal record and Deanna's lack of a criminal history. In fact, the court expressly stated it took these differing histories into account when assessing the witnesses' credibility. While the court could certainly have done more in setting forth its factual findings and reasoning for issuing the injunction, we cannot conclude the record is so lacking as to constitute an erroneous exercise of discretion.
¶11 We also regard the appellate record as sufficient to sustain the circuit court's exercise of discretion. A domestic abuse injunction may be issued if the court "finds reasonable grounds to believe that the respondent has engaged in, or based upon prior conduct of the petitioner and the respondent may engage in, domestic abuse of the petitioner." WIS. STAT. § 813.12(4)(a)3.[7] As relevant here, "domestic abuse" is defined as "[i]ntentional infliction of physical pain, physical injury or illness," sec. 813.12(1)(am)1., or a threat to engage in such conduct, sec. 813.12(1)(am)6."Reasonable grounds" is a relatively low standard that means "more likely than not that a specific event has occurred or will occur." Sec. 813.12(1)(cg).
¶12 Here, there was sufficient evidence from which the circuit court could have concluded that the standards for granting a domestic abuse injunction were met. Deanna, whom, again, the court plainly regarded as credible, testified that at various times Woller had held a butcher knife to her throat and threatened to kill her, smashed her injured hand with the butt end of the knife, threatened to kill her and dispose of her body in a lagoon if she did not follow his instructions, attempted to light her hair on fire, "punch[ed]" her in the head and face, and attempted to strangle her four times. Although Woller disputed this testimony, our standard of review requires that we provide "due regard" for the circuit court's superior opportunity to evaluate the witnesses' credibility. See WIS. STAT. § 805.17(2). In most instances, the court, when acting as fact finder, is considered the ultimate arbiter of witness credibility. Johnson v. Merta , 95 Wis. 2d 141, 152, 289 N.W.2d 813 (1980). Woller presents no basis for rejecting the circuit court's credibility determination.
¶13 Finally, we either decline to consider or reject two additional arguments Deanna advances on appeal. First, Deanna proposes that the circuit court made sufficient findings of fact merely because it checked certain boxes on the standard form injunction order. Given the foregoing analysis, and in particular the court's statements at the decision hearing regarding credibility, there is no need for us to address whether the standard form alone constitutes sufficient findings of fact upon which to issue a domestic abuse injunction. As discussed above, what exists in the transcript of the decision hearing was sufficient to reflect a proper exercise of discretion.
¶14 Second, Deanna's brief also contends Woller's appeal was filed in bad faith and should be dismissed as frivolous under WIS. STAT. RULE 809.25(3). As we noted in an April 20, 2018 order denying a motion seeking similar relief, RULE 809.25(3)"does not contemplate dismissal as a sanction for filing a frivolous appeal." We held the motion for frivolous appeal costs in abeyance pending the disposition of the appeal. Given the minimally sufficient state of the circuit court's findings and reasoning in this case, we decline to find the appeal frivolous, although we ultimately affirm the injunction order.[8]
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

Although this is a civil case, pursuant to the policy underlying Wis. Stat. Rule 809.86 (2017-18), we have chosen to refer to the petitioner using a pseudonym. All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

The parties were evidently in the process of divorcing during the pendency of the petition, and Woller had not lived with Deanna since the first few days of August 2017.

Deanna subsequently filed an affidavit in which she recounted additional instances of abuse, including strangulation and blows to the head.

There was a transfer of certain firearms to Deanna prior to the circuit court's decision hearing, but it was apparently other members of Woller's family who were involved in that transaction. Woller, who was a convicted felon and therefore prohibited from possessing firearms, denied that he had possessed any guns since his release from prison, including the .30-06 rifle Deanna mentioned in her petition. Woller's father testified the .30-06 had been in his possession since Woller's release.

The criminal charges against Woller were dismissed on the prosecutor's motion in October 2018.

After the order issued, Woller filed a motion for reconsideration in the circuit court. The motion purported to introduce new video evidence of Deanna and Woller taken the day after the alleged finger-smashing incident. The appellate record does not contain any indication the court ever considered the motion, although Deanna represents it was denied following a hearing. In any event, Woller does not develop any argument regarding that motion on appeal (in fact, he explicitly requests that it not be considered), and we will not further address it.

Although Deanna in one instance cites to Wis. Stat. § 813.123, this appears to be merely a typographic error. Section 813.123 pertains to at-risk individuals, whereas domestic abuse injunctions are governed by Wis. Stat. § 813.12.

We do, however, admonish Woller's counsel that unpublished per curiam opinions like the one cited in Woller's reply brief may not be cited even for their persuasive value. See Wis. Stat. Rule 809.23(3).