**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**October 17, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2018AP2044**

**STATE OF WISCONSIN**

Cir. Ct. No.  2018CV2374

**IN COURT OF APPEALS**
**DISTRICT IV**

PETITIONER,

    PETITIONER-APPELLANT,

  V.

SAMMY BAXTER,

    RESPONDENT-RESPONDENT.

        APPEAL from an order of the circuit court for Dane County: JILL J. KAROFSKY, Judge. *Affirmed*.

        Before Fitzpatrick, P.J., Blanchard, and Kloppenburg, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.    A petitioner requesting a domestic abuse injunction appeals the circuit court's denial of the petition based on the petitioner's failure to meet his burden of proof.  We do not identify the petitioner by name in light of the nature of the allegations, but refer to him as "the petitioner."  We reject the single argument made by the petitioner on appeal.

¶2    On September 4, 2018, the petitioner filed a petition seeking a temporary restraining order against Sammy Baxter and the scheduling of an injunction hearing pursuant to WIS. STAT. § 813.12(2), (5)(a).[1]  The allegations in the petition included that Baxter and the petitioner were in a domestic relationship and that the petitioner was in imminent danger of physical harm.  The court commissioner entered a temporary restraining order and scheduled an injunction hearing before the circuit court.

¶3    As scheduled, on September 5, 2018, the circuit court heard evidence from five witnesses, including the petitioner and Baxter, and rendered a decision denying an injunction against Baxter.[2]

¶4    Pertinent to the issue raised on appeal, one recurring theme of the petitioner's allegations (not necessarily credited by the circuit court) was that Baxter on multiple occasions had told the petitioner that she was going to hurt herself, and that Baxter used such threats as means to intimidate and manipulate him, including to coerce him into engaging in sexual activity with her.  In one of

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] At the same hearing the court also resolved a separate petition for an injunction.  We do not address the separate petition further in this opinion but, instead, limit our discussion to the arguments the parties now make regarding denial of the instant petition.

many examples of his testimony on this theme, the petitioner testified that in July 2017 he did not want to have contact with Baxter "because she was unpredictable; and if things stopped going her way, she would try to commit suicide or she would harm herself."

¶5     At the conclusion of the hearing, the circuit court determined that the petitioner had failed to meet his burden of proof to merit an injunction. The court declined to make a finding about whether Baxter had talked to the petitioner about hurting herself. Instead, the court analyzed the case based on the assumption that Baxter had talked about hurting herself, but found that these assumed self-harm statements would not have involved her threatening or manipulating the petitioner.

¶6     The circuit court made a broad point that could at least be interpreted as the following proposition:  if one person coerces another person into participating in sexual intercourse or sexual contact by use of a threat to harm him or herself, this could not fall within the "domestic abuse" definition of a violation of or a threat to violate WIS. STAT. § 940.225(1), (2) or (3), which are first, second, and third degree sexual assault. *See* WIS. STAT. § 813.12(1)(am)3., 6. We question this proposition based on the key concept of consent in the sexual assault context. However, we need not analyze the point because the court proceeded to make a finding that "what kept coming up through the testimony was not that Ms. Baxter was threatening [the petitioner]," only that "she was going to hurt herself." All Baxter did in this regard was to tell petitioner "that she was hurting herself and that she was threatening suicide." The court noted that "there was other evidence that was introduced about [Baxter's] behavior," but that the thrust of the credible evidence involved only these statements that she was hurting herself or would hurt herself, not accompanied by threats amounting to "domestic abuse."

¶7 The petitioner acknowledges, as he must, that the ultimate decision whether to grant an injunction is a matter for circuit court discretion. Our review "ultimately is limited to whether that discretion was properly exercised." *Welytok v. Ziolkowski*, 2008 WI App 67, ¶23, 312 Wis. 2d 435, 752 N.W.2d 359; *see also Forest Cty. v. Goode*, 215 Wis. 2d 218, 225, 572 N.W.2d 131 (Ct. App. 1997) ("Normally, injunctive relief is ordered in the discretion of the trial court, and this court will not change the trial court's decision unless it is an erroneous exercise of discretion."). A circuit court's discretionary determination will be affirmed where it is "demonstrably made and [is] based upon the facts appearing in the record and in reliance on the appropriate and applicable law." *Sunnyside Feed Co. v. City of Portage*, 222 Wis. 2d 461, 468, 588 N.W.2d 278 (Ct. App. 1998). Moreover, "[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." WIS. STAT. § 805.17(2).

¶8 The petitioner argues that the court erroneously concluded that threats of self-harm in general cannot constitute coercive conduct so as to qualify as sexual assault. As noted above, we believe that this point in itself may well have merit. However, he fails to persuade us that the court clearly erred in finding that the evidence showed, at most, only that Baxter had talked of self-harm or potential self-harm, without threatening or manipulating the petitioner in any act of "domestic abuse."

¶9 The petitioner argues that the court "did not exercise a sound reasoning process" because the court could have reasonably credited evidence that, at various times, Baxter: bit him; picked up and dropped his laptop; and poured soda over food or in a food preparation area. The petitioner's argument is deficient in multiple respects, each deficiency compounding others.

4

¶10      First, he fails to provide citations for a number of references purportedly based on evidence presented at the hearing, and we will not abandon our neutral role to comb the record on his behalf.

¶11      Second, even when the petitioner does properly cite to the record, he frequently points to testimony that the circuit court was not obligated to credit, appearing not to understand the circuit court's critical role in determining credibility.

¶12      Third, he appears to operate from the false premise that any conduct that *could* support an injunction, because the conduct could satisfy one of the WIS. STAT. § 813.12(1)(am) standards, must result in an injunction.  This premise turns the discretionary standard on its head and ignores a critical word in § 813.12(4): "A judge … *may* grant an injunction …."  (Emphasis added.)

¶13      We deny Baxter's motion for attorneys' fees pursuant to WIS. STAT. § 809.25(3).  While the petitioner makes some frivolous arguments, we are not persuaded that all arguments advanced by petitioner on appeal are wholly frivolous.  *See **Baumeister v. Automated Products, Inc.***, 2004 WI 148, ¶26, 277 Wis. 2d 21, 690 N.W.2d 1.

            *By the Court*.—Order affirmed.

            This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.