COURT OF APPEALS
DECISION
DATED AND FILED

December 4, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2259**

STATE OF WISCONSIN

Cir. Ct. No. 2023CV346

IN COURT OF APPEALS
DISTRICT II

PETITIONER,

   PETITIONER-RESPONDENT,

 V.

JASON VAN ENGEL,

   RESPONDENT-APPELLANT.

        APPEAL from an order of the circuit court for Ozaukee County: SANDY A. WILLIAMS, Judge. *Affirmed*.

        Before Gundrum, P.J., Grogan and Lazar, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jason Van Engel appeals from a domestic abuse injunction order and alleges the evidence was insufficient to issue the injunction.[1] We affirm.

*Background*

¶2 Van Engel and the Petitioner lived together during their two-year romantic relationship.[2] When their relationship ended, the Petitioner moved out of Van Engel's residence and into her own. In October 2023, the Petitioner filed a petition seeking a temporary restraining order alleging that Van Engel "physically put hands on me and has stalked and harassed me." The Petitioner asserted among other things that Van Engel had "stabbed all four of my car tires, stolen my things, thrown away my children[']s things from bikes to clothes, stolen my money from our bank account, taken nudes in my underwear to antagonize me," and would not leave her alone.

¶3 The circuit court scheduled an injunction hearing, which occurred in November 2023. Both the Petitioner and Van Engel appeared pro se. Only the Petitioner testified. She testified that Van Engel would not let her take her belongings from his home and made her "beg" him to let her take her things. She

---

[1] Van Engel also argues that the Respondent's brief failed to comply with WIS. STAT. RULE 809.19 (2021-22) and requests that this court reverse on that basis. Because Van Engel failed to satisfy his burden as the Appellant, we reject his request to reverse a valid domestic abuse injunction based on Respondent's nonconforming brief. *See Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381 (On appeal, an appellant bears the burden to demonstrate how the circuit court erred.).

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] We will refer to the woman who filed the petition for a restraining order against Van Engel solely as the "Petitioner" throughout this opinion.

testified about having pictures of bruises on her legs as a result of Van Engel "throwing" her "all over the place" when she came to pick up her belongings because he was trying to "physically stop" her. She said that he repeatedly showed up at her new apartment despite knowing she did not want him there and that when she installed a security camera, he unplugged it. She testified that all four of her car's tires were "stabbed" and that a neighbor saw Van Engel there the night it happened. When she asked Van Engel what he used to "stab" her tires, he did not deny doing it and instead said she did not "need to know" what he used. She also testified about a time he showed up at the grocery store at the same time she was there and that she then found an AirTag, which can track a person's movements, hidden in her car. She explained that when she asked Van Engel about the AirTag, he did not deny that he put it there but instead "smirked" at her. She also told the circuit court that Van Engel took her children's birth certificates out of the things she had packed up, that he threw her children's bikes in the dumpster, and that he texted her pictures of him wearing only her underwear.

¶4 At the conclusion of the hearing, the circuit court granted the Petitioner's request and issued a four-year domestic abuse injunction. The court ruled:

> When a court determines whether or not an injunction should be issued, the Court has to evaluate the testimony. And quite frankly, there's no controverted testimony presented to the Court. We have two people that were engaged in a relationship. It comes to a conclusion, it ends. The petitioner is moving out of the residence they shared for a period of time, and she makes it very clear that the relationship has ended.
>
> The respondent comes to her residence in a different location on three separate occasions. There's no legitimate purpose. He was made well aware that he wasn't welcome there and yet he continues to come to the residence. That in and of itself is grounds for the Court to grant an

injunction, but then you have also an incident probably about January of '23. I'm not exactly sure, but somewhere in that timeframe where during a break up of the two, the petitioner's tires are stabbed.

Now it's accurate that there was no direct testimony, but the petitioner shared a conversation by all intents and purposes, there's an admission that you stabbed the tires. When she said what did you stab the tires with; the response is you don't need to know that. That's pretty circumstantial. Most people, if confronted with something like that wouldn't say you don't need to know what I used to stab the tires, they'd say what are you talking about, I didn't stab the tires. That wasn't the case here.

Then you have the AirTag; again, circumstantial. It was highly unusual that they would be at the same place and shortly after she finds an AirTag in the gas tank flap. But even if I don't consider that, I mean that's not real strong, but even if I don't consider that, there's grounds for an injunction.

The highlight is the physical bruises she received at the hands of the respondent. Now when you combine the text messages with not really giving free access to her property, it was kind of like throw out the fishing hook, reel it in a little, throw out the fishing hook, reel it in a little. That's really what he was doing through the text messages and how she had to constantly say well can I have this back? Well, sure. And then get there and then there's unnecessary pressure put on her. Clearly she wants her property so she finally concedes all right fine we can be friends. She no sooner makes that concession only for the reason that she wants her property back, you put pressure on her to have a sexual relationship with her.

So when you put all of this together, there's more than sufficient evidence to grant the injunction and I will grant it.

## *Discussion*

¶5 Van Engel claims there was insufficient evidence to issue the injunction because there was no finding or evidence that: (1) Van Engel intended to harm the Petitioner when he "threw" her around, resulting in bruising on her

legs when he physically attempted to prevent her from leaving; and (2) she did not consent to him slashing all four of her car's tires or that he was the culprit.

¶6    Whether a circuit court properly granted a domestic abuse injunction "presents a mixed question of fact and law." *Welytok v. Ziolkowski*, 2008 WI App 67, ¶23, 312 Wis. 2d 435, 752 N.W.2d 359. "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." WIS. STAT. § 805.17(2). When the issue specifically involves the sufficiency of the evidence to support the issuance of an injunction, we will not reverse the circuit court unless the evidence, viewed most favorably to the petitioner, is so lacking in probative value that no factfinder, acting reasonably, could have found that the petitioner satisfied his or her burden of proof. *See Wittig v. Hoffart*, 2005 WI App 198, ¶19, 287 Wis. 2d 353, 704 N.W.2d 415. "[O]ur review ultimately is limited to whether that discretion was properly exercised." *Welytok*, 312 Wis. 2d 435, ¶23. We will affirm as long as the circuit court made a reasonable decision "based upon the facts appearing in the record and in reliance on the appropriate and applicable law." *Sunnyside Feed Co. v. City of Portage*, 222 Wis. 2d 461, 468, 588 N.W.2d 278 (Ct. App. 1998). "[W]e generally look for reasons to sustain discretionary rulings." *Welytok*, 312 Wis. 2d 435, ¶24.

¶7    In order to have issued the injunction here, the circuit court needed to find "reasonable grounds to believe" that Van Engel "ha[d] engaged in, or based upon prior conduct" he "may engage in, domestic abuse of the petitioner." *See* WIS. STAT. § 813.12(4)(a)3. Because Van Engel is the Appellant, he has the burden of proving that the court erred in issuing the injunction. *See Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381.

¶8    The statute governing domestic abuse restraining orders provides as relevant:

> "Domestic abuse" means any of the following engaged in by an adult family member or adult household member against another adult family member or adult household member, by an adult caregiver against an adult who is under the caregiver's care, by an adult against his or her adult former spouse, by an adult against an adult with whom the individual has or had a dating relationship, or by an adult against an adult with whom the person has a child in common:
>
>     1.  Intentional infliction of physical pain, physical injury or illness.
>
>     ….
>
>     5.  A violation of [WIS. STAT. §] 943.01, involving property that belongs to the individual.

WIS. STAT. § 813.12(1)(am).    Section 943.01(1) says:    "Whoever intentionally causes damage to any physical property of another without the person's consent is guilty of a Class A misdemeanor."

¶9    In order to uphold the circuit court's injunction, we need to determine whether there was sufficient evidence that Van Engel intentionally caused physical injury to the Petitioner *or* damaged her property.    Sufficient evidence on either one would sustain the injunction.

Physical Injury

¶10    Van Engel argues there was no finding or evidence that he acted *intentionally* to cause the Petitioner's bruises and no evidence that the Petitioner experienced any pain from the bruises.    The sufficiency of the evidence standard requires Van Engel to prove that the evidence, when viewed most favorably to the Petitioner, is so lacking in probative value that no factfinder, acting reasonably,

could have found he intentionally inflicted physical pain or physical injury on the Petitioner. *See Wittig*, 287 Wis. 2d 353, ¶19. He fails to do so.

¶11 The testimony at the injunction hearing was undisputed. Van Engel "threw" the Petitioner around when she was trying to collect her belongings from the residence they had shared during their relationship, and he had done so in an attempt to prevent her from leaving. Although the Petitioner did not use the word "intentionally" when describing how Van Engel threw her around, it is clear from the context of her testimony that he did not do this "accidentally." Based on this testimony, we cannot say that no factfinder could have found that Van Engel intentionally inflicted physical pain or physical injury. Further, we are not persuaded by Van Engel's argument that the absence of specific testimony that the bruises caused the Petitioner pain means the evidence is insufficient. It is undisputed that Van Engel's actions caused the Petitioner's bruising, and bruises are clearly a type of physical injury. Based on the testimony, a factfinder could reasonably find that Van Engel's acts of intentionally "throwing" the Petitioner around—which led to multiple bruises—caused her physical pain.

¶12 Concluding that there is sufficient evidence based on physical injury/pain is sufficient to reject Van Engel's claim on appeal; however, for the sake of completeness, we also address his argument with respect to the physical damage to the Petitioner's car tires.

Slashed tires

¶13 Van Engel also argues the evidence was insufficient to support issuing the injunction on the basis that the Petitioner's tires were slashed because she did not testify that they were slashed *without her consent*. He also contends there was no proof that he slashed the tires. We reject his argument.

¶14 Again, the sufficiency of the evidence standard requires Van Engel to prove that the evidence, when viewed most favorably to the Petitioner, is so lacking in probative value that no factfinder, acting reasonably, could have found he damaged the car tires without her consent. *See id.* He has failed to do so.

¶15 First, it is clear from the Petitioner's testimony that she was upset that all four of her car tires had been slashed and that, as a result, she had to buy new tires. Van Engel's argument that there was no evidence that the Petitioner did not consent to having her tires slashed given these circumstances borders on the absurd. Second, there is evidence from which a factfinder could find that Van Engel was the person who slashed the tires: He was in the area when it happened, and instead of denying that he did it when confronted, he told the Petitioner she did not need to know what instrument he used to slash the tires. As the circuit court noted, this is circumstantial evidence supporting a finding that Van Engel was indeed the culprit.

¶16 Because Van Engel has failed to establish that the evidence was insufficient to issue the injunction, we affirm.

By the Court.—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

8